1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAICHOU SEE,<br><br>      Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>      Defendant. | Case No. 1:19-cv-00436-BAK<br><br>ORDER GRANTING PETITIONER'S<br>MOTION FOR ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. § 406(b) SUBJECT<br>TO RECEIPT OF SUPPLEMENTAL FILING<br>IN SUPPORT OF AWARD<br><br>(ECF Nos. 25, 30, 35)<br><br>**FIVE DAY DEADLINE** |

## I.

## INTRODUCTION AND BACKGROUND

On April 4, 2019, Plaintiff filed this action challenging the denial of social security benefits. (ECF No. 1.) On December 30, 2019, pursuant to the parties' stipulation, the Court granted Plaintiff's social security appeal, remanded the matter for further administrative proceedings, and entered judgment in favor of Plaintiff. (ECF Nos. 20, 21, 22.) On January 29, 2020, a stipulation for the award of attorney fees in the amount of $2,100.00 pursuant to the EAJA was filed. (ECF No. 23.) The Court granted the parties' stipulated request for attorney fees in the amount of $2,100.00 on January 30, 2020. (ECF No. 24.)

Petitioner Michael D. Donaldson ("Counsel" or "Petitioner"), attorney for Naichou See ("Plaintiff"), filed the instant motion for attorney fees on February 23, 2022. (ECF No. 25.)

1    Upon review of the motion, the Court ordered Counsel to serve the motion on the Plaintiff with

2    notice of the ability and timeframe to file any objection or response, and on March 31, 2022,

3    Counsel filed a certificate of service demonstrating service.  (ECF Nos. 28, 29, 30.)  Following

4    the expiration of the opposition period, upon further review of the motion, on April 22, 2022, the

5    Court ordered further evidentiary briefing to be filed in support of the motion, which Counsel

6    filed on April 25, 2022.  (ECF Nos. 34, 35.)

7        Counsel requests fees in the amount of $16,421.91 pursuant to 42 U.S.C. § 406(b)(1).

8    (ECF No. 25.)  Plaintiff did not file an opposition or objection to the motion, and Defendant

9    made no filing concerning the instant motion.  For the reasons discussed herein, Petitioner's

10   motion for attorney fees shall be granted, subject to this order being amended upon receipt of a

11   supplemental filing that clarifies and supports the conclusions made herein.[1]

12                                          **II.**

13                                   **LEGAL STANDARD**

14       In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a

15   judgment favorable to a claimant . . . who was represented before the court by an attorney," the

16   court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

17   benefits to which the claimant is entitled by reason of such judgment."  The payment of such

18   award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

19       The Supreme Court has explained that a district court reviews a petition for section

20   406(b) fees "as an independent check" to assure that the contingency fee agreements between the

21   claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.

22   Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful

23   attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

24   it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting

25   Gisbrecht, 535 U.S. at 793).  The twenty-five percent maximum fee is not an automatic

26

27   [1]  Specifically, as discussed herein, Petitioner's filing does not specify whether the requested $16,421.91 figure
     includes a credit to Plaintiff for the EAJA fee in the amount of $2,100.00, nor a statement that such fee will be
28   offset, and further, the Petitioner's filing does not provide the actual amount of past-due benefits awarded, but rather
     only the requested fee amount stated to be 25% of that amount.

1  entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535
2  U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory
3  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
4  agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits
5  awarded are not enforceable.  Gisbrecht, 535 U.S. at 807.  The attorney has the burden of
6  demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 807 n.17; Crawford,
7  586 F.3d at 1148.

8      While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of
9  factors that should be considered in determining whether a fee is reasonable or how those factors
10  should be weighed, the Court directed the lower courts to consider the 'character of the
11  representation and the results the representative achieved.' "  Crawford, 586 F.3d at 1151
12  (quoting Gisbrecht, 535 U.S. at 808).  The Ninth Circuit has stated a court may weigh the
13  following factors under Gisbrecht in determining whether the fee was reasonable: (1) the
14  standard of performance of the attorney in representing the claimant; (2) whether the attorney
15  exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
16  past-due benefits; and (3) whether the requested fees are excessively large in relation to the
17  benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586
18  F.3d at 1151–52.

19      Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted
20  under the EAJA.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d
21  1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who
22  receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for
23  the 'same work' to refund to the Social Security claimant the smaller award.").

24                                      **III.**
25                                  **DISCUSSION**

26      The Court has conducted an independent check to insure the reasonableness of the
27  requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement
28  dated April 2, 2019, between Plaintiff and Petitioner provides that: Plaintiff agreed "to pay my

1  attorney 25% of all retroactive Social Security and SSI benefits that the Social Security

2  Administration says that I am entitled to receive . . . I hereby assign to my attorney my right to

3  obtain fees under 42 U.S.C. § 406 and 28 U.S.C. § 2412.  My attorney may petition for fees

4  directly, and I agree that the check for fees will be made payable to my attorneys." (ECF No. 35

5  at 4.)  Counsel seeks $16,421.91 in attorney fees, proffering that such amount is 25% of the past-

6  due benefits awarded on January 28, 2022.  (ECF No. 25 at 1-2.)  However, Counsel did not

7  provide anywhere in the moving papers the total amount of the past-due benefits.  Thus, the

8  Court is left to calculate what the total amount of past-due benefits apparently were awarded by

9  utilizing the requested fee amount.  Thus, it appears that Plaintiff was awarded past due benefits

10 in the amount of $65,687.64, based on the requested 25% fee.  However, the Court cannot be

11 certain.  Thus, ultimately, while in the interest of expediency the Court will grant the instant

12 motion, this order will also require Counsel to submit another supplemental statement affirming

13 the amount of total past-due benefits awarded, as well as a statement affirming that the EAJA

14 fees will be offset from the attorney fee award or were already calculated within the request.

15       Turning to the billing records submitted by Plaintiff in supplemental briefing (ECF No.

16 35 at 6-12) and Plaintiff's contentions made in the initially filed motion (ECF No. 25),

17 consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee

18 Petitioner seeks.  There is no indication that a reduction of fees is warranted for substandard

19 performance.  Counsel secured a successful result for Plaintiff.  While Counsel was ordered to

20 show cause why sanctions should not be imposed for failure to submit notice of the confidential

21 letter brief (ECF No. 12), the Court does not find a reduction in fees to be warranted for the

22 relatively short delay.

23       Plaintiff agreed to a twenty-five percent (25%) fee for representation.  The Court does not

24 find the fee to be excessively large in relation to the assumed retroactive award of $65,687.64.

25 In making this determination, the Court recognizes the contingent nature of this case and the risk

26 that counsel took of going uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D.

27 Cal. 2003).

28       In support of the motion, Petitioner submitted a log of the time spent in prosecuting this

1   action.  (ECF No. 35.)  The log appears to demonstrate that Petitioner (and in small part, a
2   paralegal), expended approximately 66.60 hours in relation to work before the agency, including
3   preparation of medical records and.  (Id.)  Therefore, Petitioner is seeking $16,421.91 in fees for
4   87.18 hours of work, or approximately $188.36 per hour.

5         In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time
6   of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,
7   concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request should not
8   be routinely done and find fee awards of an effective hourly rate much higher than this to be
9   reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.
10  Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per
11  hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. Jun. 21,
12  2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin,
13  No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought
14  translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No.
15  CIV-S-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the
16  more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406
17  fee award.").

18        The Court finds that the requested fees are reasonable when compared to the amount of
19  work Petitioner performed in representing Plaintiff.  Petitioner's representation of the claimant
20  resulted in the action being remanded for further proceedings and ultimately, substantial benefits
21  were awarded.  Even if the Court were to substantially reduce the number of hours contained in
22  the spreadsheet pertaining to the claimed 66.6 hours of work before the agency, the resultant fee
23  would not appear unreasonable in light of the above caselaw.

24        The award of Section 406(b) fees is offset by any prior award of attorney fees granted
25  under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, as noted above,
26  the parties stipulated, and the Court entered, an award of attorney fees in the amount of
27  $2,100.00 pursuant to the EAJA.  Accordingly, the Court shall order Petitioner to reimburse
28  Plaintiff in the amount of EAJA fees ultimately received in the amount of $2,100.00.

1
2

## V.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.   Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $16,421.91 is GRANTED;

2.   The Court authorizes payment to Petitioner in the amount of $16,421.91, representing attorney fees being withheld from Plaintiff's past due disability benefits;

3.   Upon receipt of this sum, Petitioner shall remit $2,100.00 directly to Plaintiff as an offset for EAJA fees awarded pursuant to 298 U.S.C. § 2412;

4.   **Within five (5) days of entry of this order**, Petitioner shall submit supplemental briefing clarifying and confirming the Court's determinations made herein concerning the total amount of the past-due award amount, and that the EAJA offset of $2,100 has not already been factored into the requested and awarded amount of $16,421.91[2]; and

5.   This order is subject to amendment in relation to the forthcoming supplement.

IT IS SO ORDERED.

Dated:   __May 6, 2022__

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]  While the Court finds it was able to grant the motion on a contingent basis by piecing together information in the motion and supplemental briefing, in future filings, Counsel is expected to provide clear statements concerning the requested fees, the amount of past-due benefits awarded, and clear statements explaining the meaning and breakdown of the hours of any billing spreadsheets submitted to the Court in support of attorney fee motions.